IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-06039-PAB

RAUL OSBELI DE LEON GARCIA,

Petitioner,

v.

NATHAN RASPER,[1] Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement, et al.,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Raul Osbeli De Leon Garcia's pro se[2] application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Respondents filed a response. Docket No. 6.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala who entered the United States without inspection in 2008, when he was a minor. Docket No. 1 at 1, 2. He has lived in Fort Morgan, Colorado for approximately eighteen years, where he works as a welder and supports his family, which includes four United States citizen children. *Id.* at 2.

---

[1] Nathan Rasper is automatically substituted as a party in his official capacity, in accordance with Federal Rule of Civil Procedure 25(d).
[2] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Immigration and Customs Enforcement ("ICE") officers took petitioner into immigration custody on July 8, 2026 during a traffic stop. *Id.* at 2, 3. According to petitioner, the officers stopped him while they were attempting to locate another person and arrested him without a warrant. *Id.* at 2. Petitioner states that he has never been served with a Form I-200[3] warrant for his arrest. *Id.* at 3. Petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 2. On July 21, 2026, an immigration judge ("IJ") held a custody redetermination hearing and denied bond.[4] *Id.* at 3. Petitioner asserts that the IJ placed the burden of proof on petitioner than on the government. *Id.* On September 11, 2026, petitioner filed an application for asylum, which remains pending. *Id.* He is not subject to a final order of removal. *Id.*

On November 9, 2026, petitioner filed a habeas petition. *See generally id.* Petitioner asserts five claims: (1) his warrantless arrest and continued detention violate the Fourth Amendment and 8 U.S.C. § 1357(a)(2); (2) respondents are detaining him in violation of 8 U.S.C. § 1226(a); (3) his § 1226(a) bond hearing was constitutionally inadequate; (4) his detention violates his procedural due process rights under the Fifth Amendment; and (5) his detention violates his substantive due process rights. *Id.* at 3-10. For relief, he requests immediate release or, in the alternative, a bond hearing before an IJ at which respondents bear the burden of proof by clear and convincing evidence. *Id.* at 11-12. He also asks the Court to enjoin respondents from transferring

---

[3] A Form I-200 is a type of warrant issued by immigration officers to apprehend and detain persons suspected removable. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing 8 C.F.R. §§ 236.1, 1236.1).

[4] The petition elsewhere states that petitioner's "counseled motion for custody Redetermination" was denied on September 11, 2026. Docket No. 1 at 11.

him outside the District of Colorado. *Id.* at 12.

On November 19, 2026, respondents filed a response. Docket No. 6. The response indicates that respondents "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and "recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 1. Respondents further state that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." *Id.* at 1-2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Because ICE detained petitioner within the borders of the United States and because petitioner is not subject to a final order of removal, petitioner's detention is governed by 8 U.S.C. § 1226. *See Santillan Quiroz*, 180 F.4th at 1237; Docket No. 1 at 3 (stating that petitioner does not have a final order of removal and that his asylum application remains pending); *see also* 8 U.S.C. § 1231 (governing detention of aliens subject to final removal orders). Section 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Petitioner states that he was arrested without a warrant, and respondents do not contest that assertion. *See* Docket No. 1 at 2, 3; Docket No. 6.

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to 8 U.S.C. § 1357(a)(2), immigration officials have authority without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law

> regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). Still, "[c]ourts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 6. Nothing in the record suggests that the officers who stopped petitioner while looking for someone else had reason to believe that petitioner, who has lived in Fort Morgan for approximately eighteen years, was likely to escape before a warrant could be obtained. *See* Docket No. 1 at 2, 6-7. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner, and that petitioner's detention

is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondent lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that petitioner's warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest" (alteration, internal quotation marks, and citation omitted)).

Nor does the IJ's July 21, 2026 denial of bond render petitioner's detention lawful because the bond hearing petitioner received was itself constitutionally inadequate. When reviewing an IJ's decision in a bond hearing under § 1226(a), the scope of the Court's review is narrow. *See* 8 U.S.C. § 1226(e); *cf. Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). The Court cannot and does not reweigh the evidence or "serv[e] as an appellate court over [the] IJ's bond decision." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). But "[w]hether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)). And in the context of § 1226(a) bond hearings, due process requires the government to "establish that continued detention is justified by clear and convincing evidence." *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1186 (D. Colo. 2024); *Mota Villareal v. Baltazar*, No. 26-cv-

02030-PAB, 2026 WL 2640620, at *2 (D. Colo. Sep. 8, 2026) (finding that a "bond hearing failed to provide petitioner with an adequate bond hearing under § 1226(a) because it is undisputed that the immigration judge placed the burden of proof on the petitioner instead of the government").

Here, petitioner asserts and respondents do not dispute that the IJ placed the burden of proof on petitioner at the July 21, 2026 bond hearing. Docket No. 1 at 3; *see generally* Docket No. 6. Thus, the IJ violated petitioner's due process rights by failing to hold the government to its burden of proof to show that petitioner's continued detention was proper by clear and convincing evidence. The IJ's bond determination therefore provides no lawful basis for petitioner's continued detention.

Where the government failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found that the appropriate remedy is to order the noncitizen's release. *See, e.g.*, *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's release based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant*, 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is

unlawful and release is the only permissible remedy." *Morelos Valdovinos*, 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.[5]

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Raul Osbeli De Leon Garcia's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 19, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

[5] Because the Court will order petitioner's release on the basis of the warrantless arrest, it will not reach petitioner's remaining claims and requests for relief, including his request that the Court enjoin respondents from transferring him outside the District of Colorado.